**THE LAW OFFICE OF C.R. HYDE, PLC**
ATTORNEY AT LAW
2810 N. SWAN RD. SUITE 160
TUCSON, ARIZONA 85712
TELEPHONE: (520) 270-1110
SBA # 22512
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re, | Chapter 11 Case |
| THE CHAMBERS OF TUCSON MALL, LLC, | No. 4:19-bk-15701-BMW |
| Debtor. | **DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL FROM DECEMBER 14, 2019 THROUGH FEBRUARY 29, 2020** |

COMES NOW, The Chambers of Tucson Mall, LLC ("Debtor"), debtor and debtor in possession of the above-captioned Chapter 11 case, by and through counsel undersigned, and respectfully requests that this Court, pursuant to 11 U.S.C. §363 and §552 and Bankruptcy Rule 4001(b), to enter an Interim Order (a) authorizing Debtor to use cash held in its to-be-opened debtor in possession accounts in accordance with the terms of the requested Order; (b) deeming the secured creditors as adequately protected pursuant to §§ 361, 362 and 363 of the United States Bankruptcy Code; (c) scheduling a final hearing (the "Final Hearing") pursuant to Bankruptcy Rules 2002, 4001, 9014 and Local Rules 4001-3 and 4001-4.

**I. BACKGROUND**

1. On December 14, 2019 (the "Petition Date"), Debtor filed a voluntary petition for

relief pursuant to Chapter 11 of the Bankruptcy Code.

    2. Debtor operates a business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed to date.

    3. Debtor is an Arizona Limited Liability Company that operates a men's grooming salon in Tucson, Arizona.

    4. The following parties might claim an interest in some of the accounts, receivables and other cash collateral of the Debtor:

        a.    Arizona Department of Revenue
             2005 N Central Ave. Suite 100
             Phoenix AZ 85004

        b.    Brookfield Properties c/o
             Kristen N. Pate
             350 N Orleans St, Suite 300
             Chicago IL 60654-1607

        c.    Bryan M. Schuyler
             1130 E Pennsylvania St., Suite 505
             Tucson AZ 85714

        d.    GALILEO CONSTRUCTION, LLC
             JOHN N HELENBOLT
             3430 E SUNRISE DR #200
             Tucson AZ 85718

        e.    Internal Revenue Service
             4041 N. Central Ave. Suite 112
             Phoenix AZ 85012

        f.    Jonathan Brogen
             3048 W Placita Montessa
             Tucson AZ 85741

        g.    Park Mall, LLC c/o Isaac M Gabriel
             Quarles & Brady, LLP
             Renaissance One, Two North Central Ave
             Phoenix AZ 85004-2391

  h.  QuickBooks Solution
     Beverly Lang
     3044 Ginn Point Road SE
     Owens Cross Roads AL 35763

  i.  Tierra Noble, LLC
     336 S Calle Madrid
     Tucson AZ 85711

  j.  Time Payment Corp
     1600 District Ave
     Burlington MA 01803

  k.  Trudy A. Nowak, P.C.
     Chapter 7 Trustee
     2001 E. Campbell Avenue, Suite 201
     Phoenix, AZ 85016

  l.  Itria Ventures – Biz 2 Credit
     1000 N West St #1200
     Wilmington, DE 19801

5. Previously filed was Debtor's Motion for Authority to Pay Prepetition Payroll Obligations and Related Items, Employee Benefits, Expense Reimbursement, and the Continuation Post-Petition of Certain Employment Programs and Policies in the Ordinary Course. See Docket No. 11.

**II. JURISDICTION**

6. This Court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates applicable to this Motion are 11 U.S.C. §§ 105(a), 361, 362, and 363.

**III. LEGAL AUTHORITY**

7. Pursuant to 11 U.S.C. § 363( c)(2), a debtor-in-possession may use cash collateral if the party with an interest in the cash collateral authorizes such use, or if the court, after notice and a hearing, authorizes such use. 11 U.S.C. § 363(c )(2). The debtor has the burden of proof

on the issue of adequate protection while the entity asserting an interest in the cash collateral has the burden of proof on the issues of the validity, priority, and extend of any interest in claimed cash collateral.  11 U.S.C. § 363(p).  Once the parties have met their respective burdens, the Court must condition or restrict the use of cash collateral consistent with the secured party's interests.  The Court is required to protect the value of the secured creditor's collateral *In re McCombs Properties VI, LTD*., 88 B.R. 261, 266 (Bank. C.D. Cal 1988). Should the facts of the instant case provide that the value of the creditor's rights are not likely "to diminish during the time of use," adequate protection need not be provided.  *Id.*

**IV. BASIS FOR REQUESTED RELIEF**

8. The use of cash collateral is necessary to the present and future fulfillment of Debtor's obligations to its creditors, including vendors in the ordinary course of business, utilities payments, recurring obligations to the taxing authorities, payroll obligations, lease payments, and other regular business obligations of the Debtor.  In order to remain open and operating, Debtor must fulfill these and other obligations as it seeks to reorganize under Chapter 11.

9.  Due to the nature of this Motion, Debtor respectfully requests this Court set a hearing to consider this Motion as soon as possible.  A Motion to Expedite the setting of a hearing on this matter has been filed contemporaneous to the foregoing. Timely payment of necessary expenses is essential for Debtor to continue in business uninterrupted and without risking harm, irreparable or otherwise.  That is the basis for the Debtor's Motion to Expedite a hearing on the foregoing.

**V. ADEQUATE PROTECTION OF SECURED CREDITORS**

10.  In order to continue proper operation and management of the debtor entity, and to enable Debtor to effectuate a viable plan of reorganization, it is of the utmost importance that Debtor be authorized to utilize the proceeds generated from its businesss immediately. Timely payment of the expenses included in the Budget is essential for Debtor to continue in business from December 14, 2019 through February 29, 2020.

11.  Subject to creditor and Court approval, Debtor proposes to use Cash Collateral consistent with the budget attached hereto as Exhibit "A".

13. The foregoing motion is supported by the Affidavit of Timothy Stoner In Support of First Day Motions, filed contemporaneous to the foregoing.

WHEREFORE, the Debtor requests that this Court

(1) Schedule a hearing on the Motion for Use of Cash Collateral;

(2) Determine the extent and nature of any creditors' interest in the cash and receivables of the Debtor, if necessary;

(3) Enter an interim order authorizing the use of cash collateral so that Debtor may continue operating from December 14, 2019 through February 29, 2020;

(4) Enter an interim order that Debtor is authorized to pay to those expenses set forth in the Budget from December 14, 2019 through the date of the to be scheduled final hearing on Cash Collateral;

(5) Set a final hearing on the Debtor's use of cash collateral through February 29, 2020;

(6) Enter an order for such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED This 18th Day of December 2019

/s/ *Charles R. Hyde* SBN 0022512
CHARLES R. HYDE
Attorney for Debtor