# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

### Hearing Information:

| | |
|---|---|
| Debtor: | THE CHAMBERS OF TUCSON MALL, LLC |
| Case Number: | 4:19-BK-15701-BMW   Chapter: 11 |
| Date / Time / Room: | THURSDAY, DECEMBER 19, 2019 01:30 PM   COURTROOM 446 |
| Bankruptcy Judge: | BRENDA M. WHINERY |
| Courtroom Clerk: | WESLEY STANGRET |
| Reporter / ECR: | RHIANNA DOMINGUEZ |

### Matter:

EXPEDITED HEARING ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR'S PAYMENT OF PREPETITION PAYROLL OBLIGATIONS
R / M #:   11 / 0

### Appearances:

C.R. HYDE, ATTORNEY FOR THE CHAMBERS OF TUCSON MALL, LLC, APPEARING IN PERSON
JON SAFFER, ATTORNEY FOR GALILEO CONSTRUCTION, APPEARING BY TELEPHONE
CHRISTOPHER DYLLA, ATTORNEY FOR THE ARIZONA DEPARTMENT OF REVENUE, APPEARING BY TELEPHONE
PATTY CHAN, ATTORNEY FOR THE UNITED STATES TRUSTEE, APPEARING BY TELEPHONE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 4:19-BK-15701-BMW        THURSDAY, DECEMBER 19, 2019 01:30 PM

## *Proceedings:*

Mr. Hyde reports that the debtor is a men's grooming barbershop located in the Tucson Mall. The hearing today is only on the motion to pay pre-petition wages. There is a cash collateral motion on file, as well as an affidavit supporting the approval of those motions. Mr. Hyde is asking the Court to enter an order paying those wages that were earned pre-petition. There are no insiders and all amounts are below the priority claim amounts for one payee.

The Court ask how many employees the debtor has.

Mr. Hyde answers that he believes there are 15 employees.

The Court doesn't believe they are all employees.

Mr. Hyde responds that is correct. There are independent contractors. There are 3 employees and the rest are independent contractors. He believes there was a list provided with the motion.

The Court was not clear looking at the attachment who was classified as an independent contractor and who is an employee. There are different standards for independent contractors and employees. The Court asks how much is owed to the employees.

Mr. Hyde answers that of the $7,300 being sought, $5,125 is owed to the independent contractors.

The Court asks how much the debtor is seeking to pay employees.

Mr. Hyde answers approximately $2,200, which includes the employee side of payroll tax obligations. There is also $250 set aside for employer payroll tax obligations.

The Court clarifies that the remaining $5,125 is for independent contractors, of which there is no tax withholdings.

Mr. Hyde answers that is correct.

The Court asks if the employees and independent contractors will continue to work for the debtor moving forward.

Mr. Hyde answers that it is his understanding that they will.

The Court notes that if these parties are to be paid as priority claims under 507(a), it would be

FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    4:19-BK-15701-BMW         THURSDAY, DECEMBER 19, 2019 01:30 PM

for wages, salaries or commissions, including vacation severance or sick leave. Under 507(b), sales commissions earned by an independent contractor. The independent contractors would only be eligible for priority claims if during the 12 months prior, at least 75 percent of the amount of that individuals' earnings were earned from the debtor. The Court asks if it has that breakdown.

Mr. Hyde notes he does not have that breakdown.

The Court asks that the affidavit be supplemented. It asks if the debtor has the cash to make these payments.

Mr. Hyde believes that the debtor does have the ability to make those payments.

The Court seeks clarification whether the debtor has the ability to make the payments.

Mr. Hyde does not want to misrepresent to the Court. The debtor has been opened and working. He is confident that the funds will be available to make the payroll.

The Court notes that none of the employees or independent contractors were on the master mailing list.

Mr. Hyde notes that they were omitted. A supplement will be filed.

Ms. Chan had the same concerns as the Court. The United States Trustee office was concerned that the debtor did not have the ability to make these payroll payments. Ms. Chan also would like to know about the insiders of the debtor. Mr. Stoner owns 30 percent of the Chambers company, and the UST would like to know who owns the remaining 70 percent. Ms. Chan also would like to know which programs and policies the debtor is wishing to retain.

The Court understands Ms. Chan's position. It is only inclined to approve the bare minimum to get the employee payroll funded.

Mr. Dylla notes the department does not take a position on the motion. It would just like the Court to know that the department has no record of the debtor having W-2 employees. There is also no record with the department of economic security. It asks that the debtor become in compliance with state laws.

Mr. Hyde was not aware of the issues.

# Minute Entry

(continue)... 4:19-BK-15701-BMW          THURSDAY, DECEMBER 19, 2019 01:30 PM

Mr. Saffer wants to see the employees be paid. His client is a creditor, in that his client constructed the tenant improvements for these locations. Mr. Saffer's client is also has a 24 percent equity stake in this company. There is the Chambers company, and then there are subsidiaries. Mr. Saffer's client is in favor of the employees being paid because if they walk out there is no value to anyone. The issue is there is a Superior court case pending regarding all these entities to stop the debtor's principle from moving any money around. It is his understanding that some of the money from other entities may have flowed to the Tucson Mall location. Mr. Saffer asks that financial disclosure of bank records be made prior to any subsequent ask, whether it be cash collateral or payroll.

Mr. Hyde responds that the TROs were related to the Chambers Capital company.

The Court seeks to clarify that the Chambers Company owns 100 percent of The Chambers of Tucson Mall LLC and that Mr. Stoner owns 38 percent of that entity.

Mr. Hyde answers that is correct. Mr. Saffer's client owns 24 percent and Trudy Nowak's debtor owns the remaining percentages.

The Court understands Mr. Saffer's concerns. It asks if there have been debtor in possession accounts opened.

Mr. Hyde answers they have not been opened, but they are in the process of being opened.

The Court asks if the UST has a position on the matter.

Ms. Chan did not see any motions asking to retain the current bank accounts. There is no reason why the debtor cannot open DIP accounts or have the monies transferred.

Mr. Saffer believes a quick 2004 exam might help clear up his concerns.

COURT: THE PAYMENT TO THE EMPLOYEES IS APPROVED ON THE CONDITION THAT AN AMENDED AFFIDAVIT BE FILED WITH THE COURT PROVIDING IT THE INFORMATION IT HAS REQUESTED. ONCE THAT IS DONE A FORM OF ORDER CAN BE UPLOADED. A CONTINUED HEARING WILL BE SET IN THIS MATTER FOR THURSDAY JANUARY 9TH AT 10:15 AM. A HEARING WILL ALSO BE HELD ON THE MOTION FOR USE OF CASH COLLATERAL. MR. HYDE IS TO NOTICE THAT HEARING OUT. ANY OBJECTIONS TO THAT MOTION ARE TO BE FILED BY JANUARY 3RD.