UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THE CHAMBERS OF TUCSON MALL, LLC,<br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No.: 4:19-bk- 15701-BMW<br><br>**FINAL ORDER AUTHORIZING PAYMENT OF PREPETITION PAYROLL OBLIGATIONS AND TAXES OF THE DEBTOR** |

After hearings held on December 19, 2019 and January 9, 2020 concerning Debtor's Motion for Entry of an Order Authorizing Payment of Prepetition Payroll Obligations and Taxes of the Debtor, Employee Benefits, Expense Reimbursement, and the Continuation of Certain Employment Programs and Policies in the Ordinary Course (the "Motion) (Docket No. 11) for that wage period ending on December 15, 2019, it appearing Debtor filed an Amended Affidavit in Support of Debtor's Application to Pay Prepetition Wages (Docket No. 45) it appearing that

Debtor complied with Local Rule 4001-4 and Rule 2002 of the Federal Rules of Bankruptcy Procedure in noticing the hearing and with good cause appearing

IT IS HEREBY ORDERED THAT

1. Pursuant to 11 U.S.C. § 507(a)(4)(A) Debtor may tender the following employee wage obligations, along with any taxes that may be due and owing on the part of Debtor:

   a. Ezekiel Corrella in the amount of $308.55 and employer-side taxes of $23.60;

   b. Alex Lamb in the amount of $181.32 and employer-side taxes of $13.88;

   c. Lakesha Mckenney in the amount $135.24 and employer-side taxes of $10.34; and

   d. Alisa Zarate in the amount of $74.64 and employer-side taxes of $31.23;

2. Pursuant to 11 U.S.C. § 507(a)(4)(B) Debtor may tender payment of independent contractor wages as set forth in the Motion in the amount of:

   a. Trina Davis in the amount of $282.00;

   b. Marissa Fischer in the amount of $837.25;

   c. Debbie Galpin in the amount of $713.05;

   d. Briana Martinez in the amount of $948.62;

   e. Connie McGrath in the amount of $163.54;

   f. Trey Melton in the amount of $321.54;

   g. Nancy Parra in the amount of $358.00;

   h. Jeanie Rodriguez in the amount of $785.60;

        i. Marco Romero in the amount of $1,194.73;

        j. Julia Smith in the amount of $615.00;

        k. Luz Suarez in the amount of $412.30.

3. Debtor may not tender payment in excess of the priority amount of $13,650 (the statutory caps provided in 11 U.S.C. §§ 507(a)(4)(A) and (a)(5)(B)) on account of prepetition wages to any individual employee.

4. Debtor shall not tender any expense reimbursements or any costs on account of certain employment programs and policies.

5. Debtor shall not also tender payment of any prepetition obligation owing on account of any Employee's participation in the Debtor's 401(k) plan in the ordinary course, if any.

6. No payments shall be made to principles or insiders of the Debtor as defined under Arizona state law and under 11 U.S.C. § 101(31).

7. To the extent that valid liens exist on the collateral disbursed under this order, the holders of any such liens shall be granted replacement liens in equal amount to the wages paid out pursuant to this order.

8. Debtor shall obtain Debtor in Possession bank accounts immediately and shall close all prepetition bank accounts over which Debtor has dominion and control.

9. Prior to January 9, 2020 Debtor shall obtain bank records for the accounts described above from January 1, 2018 through the date of closure of the respective accounts.

:: :: ::

10. Debtor shall produce or obtain Debtor's tax privilege/withholding licenses with the Arizona Department of Revenue and the Department of Economic Security.

**DATED, SIGNED, AND ORDERED ABOVE**